**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Scottsdale Insurance Company, | ) | No. CV-10-1661-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Deanna K. Cook, | ) | |
| Defendant. | ) | |

We have before us defendant's motion to dismiss for lack of subject matter jurisdiction (doc. 36), plaintiff's response (doc. 40), and defendant's reply (doc. 42). We also have plaintiff's motion to amend the complaint (doc. 37), defendant's response (doc. 38), and plaintiff's reply (doc. 41).

Defendant is plaintiff's former employee, and the subject of this dispute is a number of documents which defendant acquired from plaintiff during her employment. In January, 2010, after defendant was no longer employed by plaintiff, plaintiff's lawyer called defendant to inform her that plaintiff was being sued and that defendant could talk to counsel for the group suing plaintiff, Ballard Condominiums Owner Association ("the Washington action"). See Complaint, ex. D. Defendant then contacted Todd Skoglund, counsel for the Washington plaintiffs, and gave his law firm several documents she had collected as part of

1    an ethics inquiry for plaintiff's parent company, Nationwide Insurance. Plaintiff believes this
2    disclosure was improper. We granted in part and denied in part defendant's motion to
3    dismiss for failure to state a claim, and allowed only plaintiff's claim for a breach of contract
4    to proceed. Order of November 24, 2010 (doc. 28).

**I**

6    Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), Fed. R.
7    Civ. P., on the grounds that we lack diversity jurisdiction because the amount in controversy
8    does not exceed $75,000. See 28 U.S.C. § 1332(a). We have jurisdiction unless "upon the
9    face of the complaint, it is obvious that the suit cannot involve the necessary amount." St.
10   Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 591–92
11   (1938). The amount pled controls so long as the claim is made in good faith. Geographic
12   Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010).
13   "To justify dismissal, it must appear to a legal certainty that the claim is really for less than
14   the jurisdictional amount." Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir.
15   2000). The "legal certainty standard" means we have jurisdiction unless "upon the face of
16   the complaint, it is obvious that the suit cannot involve the necessary amount." Geographic,
17   599 F.3d at 1106.

18   Plaintiff claims damages arising from attorneys fees in litigating both this action and
19   the underlying Washington action. Plaintiff claims it has incurred attorneys fees exceeding
20   $25,000 in this action, and at least $80,000 in the Washington action for work related to
21   defendant's disclosure of documents to Mr. Skoglund. Response at 8. Plaintiff alleges, "As
22   a direct and proximate result of Cook's unlawful conduct, Scottsdale has and will continue
23   to suffer damages in excess of $75,000.00." Complaint ¶ 47 (doc. 1). It further claims, "As
24   a direct and proximate result of Cook's unlawful conduct, Scottsdale [has] and will continue
25   to incur significant costs and attorneys' fees." Id. ¶ 48. Plaintiff seeks an award of
26   reasonable attorneys' fees and costs. Id. ¶ 69.

27   Plaintiff describes its damages as its attorney fees in the Washington case and for the
28   prosecution of this action, but explains that the billing records are "are privileged as they

1  contain attorney client communications and/or constitute work product." Supplemental
2  Disclosure Statement at 12–13 (doc. 40-1). Instead, plaintiff relies on counsel's affidavit and
3  its Supplemental Disclosure Statement, pursuant to Rule 26(a). See Response, ex. 1,
4  "Bridgman Affidavit," at 2; ex. 2, "First Supplemental Disclosure Statement" (doc. 40-1).

**A**

6  With respect to this action, we may award the successful party reasonable attorney
7  fees in any contested action arising out of a contract. See A.R.S. § 12-341.01(A). A request
8  for an award of statutorily-authorized fees is part of the jurisdictional amount in controversy.
9  Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155 (9th Cir. 1998) ("When the applicable
10 substantive law makes the award of an attorney's fee discretionary, a claim that this
11 discretion should be exercised in favor of plaintiff makes the requested fee part of the amount
12 in controversy."). Rule 26, Fed. R. Civ. P., requires a party to provide "a computation of
13 each category of damages claimed," and that the party make available "the documents or
14 other evidentiary material, unless privileged or protected from disclosure, on which each
15 computation is based, including materials bearing on the nature and extent of injuries
16 suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Defendant argues that plaintiff's unsupported
17 statement that it has incurred $25,000 in fees in this litigation is insufficient for us to count
18 these fees toward the jurisdictional amount. Reply at 2.

19 A party moving for an award of attorney fees must provide an explanation of the
20 reasonableness of the fees, the fee agreement, and a task-based itemized statement of time
21 expended and expenses incurred, which may be filed under seal. See LRCiv 54.2. Plaintiff
22 has not provided any itemization or documentation of his fees that could substantiate
23 counsel's estimate of the $25,000 billed so far. However, plaintiff is not required to submit
24 such an accounting until after the entry of final judgment, and we need not evaluate in detail
25 the reasonableness of counsel's purported fees for them to count towards the jurisdictional
26 requirement. Plaintiff's estimate of accrued fees appears to have been in made in good faith,
27 and therefore its pleading as to the amount in controversy controls. See Crum, 231 F.3d at
28 1131. We note that even if plaintiff ultimately prevails, the award of attorney fees is at our

discretion, leaving any estimate for fees speculative at best. But recognizing the uncertain nature of plaintiff's claim, it is still not "obvious that the suit cannot involve" the alleged amount. Geographic, 599 F.3d at 1106.

**B**

In relation to the Washington action, plaintiff claims it has already incurred $80,000 in fees, arising from "a firestorm of motions practice that continues to this day." Response at 5. Plaintiff alleges that due to defendant's disclosures to Mr. Skoglund, plaintiff wrote letters, propounded discovery, responded to a motion for a protective order, moved to strike parts of the reply in support of the protective order, moved to disqualify Mr. Skoglund's firm, moved to quash several different subpoenas, moved for multiple protective orders, and filed a related motion to show cause. Id. at 5–8. Plaintiff explains that the Washington action is ongoing, but that counsel has reviewed his billing statements for work related to defendant' disclosure, and that the fees total at least $80,000 as of January 31, 2011. Id. at 8.

Defendant argues that plaintiff's counsel's affidavit is insufficient to support its damages allegations. Reply at 5. Defendant argues that without seeing the billing records, we cannot determine which fees could have been proximately caused by defendant's disclosure of the documents. See Cole v. Atkins, 69 Ariz. 81, 86, 209 P.2d 859, 862 (1949) (recoverable damages must be proximate result of breach of contract). For example, defendant contends that fees resulting from the Washington plaintiffs' improper service of a subpoena on defendant, plaintiff's response to the Washington plaintiffs' motion to compel, and the Washington plaintiffs' other "abusive" discovery practices, cannot have been proximately caused by defendant's disclosures. Reply at 6. Defendant further argues that without billing statements, we cannot determine whether the fees sought by plaintiff are reasonable and therefore recoverable under Arizona law. See Coury Bros. Ranches, Inc. v. Ellsworth, 103 Ariz. 515, 518, 446 P.2d 458, 461 (1968) (recognizing duty of injured party to mitigate damages as far as can be done by reasonable effort).

Without task by task records and estimates for plaintiff's counsel's work in the Washington action, it is difficult to assess what the total of reasonable fees may be.

1 However, as with the bills related to this action, we accept plaintiff's pleadings of the fees
2 incurred in the Washington litigation.  If plaintiff prevails and seeks to recover its fees, it
3 will then have to provide a more detailed accounting of its fees in both actions, and submit
4 records it now argues are privileged.  But at this juncture, it is not a legal certainty that
5 plaintiff's claim is really for less than $75,000.

6 We conclude that plaintiff's attorneys fees accruing in both the Washington litigation
7 and this action satisfy the jurisdictional amount requirement, and therefore we deny
8 defendant's motion to dismiss (doc. 36).

## II

10 We also have plaintiff's motion to amend its complaint (doc. 37).  Plaintiff seeks to
11 add allegations in support of its claims for breach of contract and a violation of the Arizona
12 Uniform Trade Secrets Act.  We previously dismissed plaintiff's Arizona Uniform Trade
13 Secrets Act claim due to plaintiff's failure to sufficiently allege all elements.  See Order of
14 November 24, 2010 (doc. 28).

15 Defendant opposes plaintiff's motion for leave to amend solely on the grounds of
16 plaintiff's failure to comply with LRCiv 15.1, which requires that a motion to amend be
17 accompanied by an exhibit indicating in what respect the new complaint "differs from the
18 pleading which it amends, by bracketing or striking through the text to be deleted and
19 underlining the text to be added."  Plaintiff provided an amended complaint that shows the
20 changes with its reply to its motion.  See Reply, ex. 1, "Amended Complaint for Injunctive
21 Relief and Damages" (doc. 41-1).  Plaintiff has cured the defect, and we do not deem its
22 initial oversight grounds for denying the motion to amend.

23 We therefore consider plaintiff's amended claim for a violation of Arizona Uniform
24 Trade Secrets Act.[1]  To state a claim under the Act, plaintiff must allege that defendant

---

[1] Defendant explains that because of plaintiff's non-compliance with LRCiv 15.1 and its failure to "specify the ways in which the proposed amended pleading alters the original pleading, it would not be prudent for Ms. Cook to present other substantive defenses to Plaintiff's Motion."  Response at 2 (doc. 38).

- 5 -

1 misappropriated a trade secret through improper means. A.R.S. § 44-401. A trade secret is
2 information that derives independent economic value "from not being generally known to,
3 and not being readily ascertainable by proper means by, other persons who can obtain
4 economic value from its disclosure or use" and is "the subject of efforts that are reasonable
5 under the circumstances to maintain its secrecy." A.R.S. § 44-401(4). We previously
6 dismissed this claim because plaintiff did not sufficiently allege how information that
7 defendant disclosed about its customers constitutes protectable trade secrets, or how it
8 derives its economic value from not being generally known. Order at 5.

9 Plaintiff's proposed amended complaint contains new details about the confidential
10 information. Plaintiff explains that the trade secret information includes "full names,
11 addresses, telephone numbers, dates of birth, social security numbers, coverages, past losses
12 and claims, current losses and claims, risk scores, credit scores, financial information,
13 familial relations and protected health information, as well as claim numbers, claim log notes
14 and communications with Scottsdale's claims and coverage counsel." Amended Complaint
15 ¶¶ 9, 22, 37. Plaintiff further alleges that the disclosed confidential information constitutes
16 a road map and represents "a business model for, Scottsdale's business methods, insurance
17 decisions, claims handling decisions and risk analysis." Id ¶ 38. Plaintiff adds that this
18 confidential information is not publicly known and cannot be readily ascertained from
19 publicly available information because it is provided by plaintiff's insureds, pursuant to
20 express agreements of confidentiality. Id. ¶¶ 40–41. Plaintiff alleges that it contractually
21 obligates its employees to maintain the secrecy of the confidential information, and that its
22 value derives from its marketability to plaintiff's competitors, as well as marketing
23 companies and plaintiffs' lawyers. Id. ¶ 42.

24 Plaintiff sufficiently alleges a claim for a violation for a the Arizona Uniform Trade
25 Secrets Act, and we grant plaintiff leave to amend to assert the claim. Plaintiff alleges the
26 type of confidential customer data it believes is a trade secret, its economic value, and the
27 steps plaintiff has taken to protect the confidentiality of the information. These
28 "well-pleaded factual allegations," could give rise to an entitlement to relief under the Act.

Ashcroft v. Iqbal, __ U.S. ___, ___, 129 S.Ct. 1937, 1950 (2009).

### III

**IT IS ORDERED DENYING** defendant's motion to dismiss (doc. 36).  **IT IS FURTHER ORDERED GRANTING** plaintiff's motion to amend (doc. 37).

DATED this 5th day of April, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge